Beck, J.
A count of the petition, as a cause of action, sets up that plaintiff purchased of defendant the stock and tools of a tin shop, for which he gave, in part payment, his notes, amounting to $900, which were secured by mortgage on the property purchased; that after the *584 gale it was agreed between tbe parties that defendant should give up to plaintiff the notes and cancel the mortgage and take possession of the property purchased of him, or so much of it as remained undisposed of, and sell the same, etc.; after paying the amount due defendants on the notes and the expenses of selling the property, pay to plaintiff the balance of the proceeds of the property; that defendant refuses to account for the property, and claims that the transaction was an absolute sale, and that the property exceeds in value the amount due defendant and expenses of sale, etc. Defendant, in his answer, avers that the sale to him was absolute, and that he holds the property under no trust or obligation to account to plaintiff. The dis" trict court ordered an accounting, and found due plaintiff $200, for which a decree was rendered. The defendant insists that the order requiring the defendant to account, and the final decree are not sustained by the evidence. The question presented is one purely of fact. There is a conflict in the evidence, but, in our opinion, the preponderance warrants the conclusion of the court below, that defendant received the goods in trust, as set out in plaintiff’s petition, and is required to account to plaintiff therefor. As he denies the trust and claims the property as his own absolutely, he was properly required to account for its value. The evidence satisfactorily, if not indisputably, sustains the order and decree of the district court. A discussion, involving the consideration of the weight and bearing of the testimony of each witness, would prove unprofitable.
Another count in the petition was held bad on demurrer. The plaintiff raises the question as to the correctness of the ruling of the court thereon. It is sufficient to say that upon this appeal, which is prosecuted by defendant, the question cannot be made. The plaintiff could have appealed from the decision of the court below upon the demurrer, and thus could have presented the question to this court. But this he has not done. We cannot, therefore, reverse the ruling of the district court upon the demurrer.
The decree of the district court is affirmed.
Affirmed.